## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

NYESHA LASHAE SIMMONS,

     Petitioner,

     v.

PENNSYLVANIA PAROLE
BOARD,

     Respondent.

CIVIL ACTION NO. 3:24-cv-01946

(SAPORITO, J.)

## ORDER

Nyesha Lashae Simmons, incarcerated at SCI-Muncy, proceeds on a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the Pennsylvania Board of Probation and Parole (the "Board"). (Doc. 1). For the following reasons, the Court will deny the petition.

### I.   BACKGROUND

On October 11, 2017, in the Allegheny County Court of Common Pleas, Simmons received an aggregate sentence of 4.5 to 11 years incarceration after pleading guilty to aggravated assault, prohibited possession of a firearm, and related charges. *See Commonwealth v. Simmons*, No. CP-02-CR-0008908-2016 (Allegheny Cty. Ct. Com. Pl.);

(Doc. 8-1 at 5-7). She became eligible for parole no earlier than January 6, 2021, and at the time of this petition, she had been reviewed for parole five times. *See* (*id.* at 6-27). In the most recent parole review reflected in the record[1], dated July 17, 2024, the Board interviewed Simmons and cited the following factors in denying her parole: a "negative recommendation" made by the Department of Corrections ("DOC"), her "reports, evaluations and assessments" indicating a risk to the community, and inconsistent compliance with mental health services and medication. Factors to be considered at Simmons's next review would include the DOC's recommendation, Simmons's conduct record in prison, and her "reentry plan." (*Id.* at 26).

Simmons filed this petition on November 13, 2024. In broad summary, she argues that the Board's conclusion about her mental health and medication compliance was based on outdated information, and that the Board has violated her constitutional rights by relying on "arbitrary,

---

[1] The record indicates that Simmons likely received another parole review while this petition was pending. *See* (Doc. 8-1 at 26). Although such a review would likely render this petition moot, *see*, *e.g.*, *Shoop v. Pennsylvania Bd. of Parole*, No. 1:25-CV-00943, 2025 WL 2178422, at *6 (M.D. Pa. July 31, 2025), the Court addresses Simmons's arguments on the merits.

egregious, and capricious reasons" in denying her parole.

## II.   DISCUSSION

The respondent first argues that the Court lacks jurisdiction because Simmons has not exhausted available state remedies. The application of the exhaustion requirement to parole challenges is disputed among courts in this circuit. *See Shoop v. Pennsylvania Bd. of Parole*, No. 1:25-CV-00943, 2025 WL 2178422, at *7-8 (M.D. Pa. July 31, 2025) (reviewing case law and concluding that exhaustion is not required). Because the record demonstrates that Simmons is not entitled to relief, we resolve the petition on the merits.

"[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," nor has the Commonwealth of Pennsylvania created such a right. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) (recognizing the general principle that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled); *Coady v. Vaughn*, 770 A.2d 287, 289 (Pa. 2001) ("It is undisputed that [an inmate] does not have a clear legal right to the grant of parole, nor does the board have a corresponding duty

to grant the same.").

Pennsylvania law grants the Board vast discretion to refuse or deny parole, see 61 Pa.C.S. § 6137, and Pennsylvania courts have affirmed the Board's complete discretion to parole a convict. *See, e.g., Reider v. Commw. Pa. Bd. of Prob. & Parole*, 514 A.2d 967, 971 (Pa. Comm. Ct. 1986). The parole statute indicates that the Board "shall consider": the nature and circumstances of the offense; any recommendations made by the trial judge and prosecuting attorney; the general character and background of the inmate; the notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed; and the conduct of the person while in prison along with her physical, mental and behavioral condition, history, and criminal record. *See* 61 Pa.C.S. § 6135(a).

Based on Simmons's claim of "arbitrary, egregious, and capricious" denial of parole, the Court construes her petition as a claim that the Board's actions violated her substantive due process rights.[2]  In such a

---

[2] Simmons also argues that the Board considered "factors that bear no rational relationship to rehabilitation or deterrence" and that the

*(continued on next page)*

- 4 -

case, a federal court's role is limited to reviewing the decision to determine whether the Board exercised its authority in an arbitrary, capricious or constitutionally impermissible manner. *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). To show a violation of substantive due process rights, the petitioner must demonstrate that: (1) she was arbitrarily denied parole for impermissible reasons such as race, religion, or political beliefs; or (2) the Board failed to apply appropriate, rational criteria in reaching its determination. *Block*, 631 F.2d at 236. "[F]ederal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady*, 251 F.3d at 487. The "relevant level of arbitrariness required to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent.'" *Hunterson v. DiSabato*,

---

Board has "no standard procedure . . . every board member has different expectations for granting parole." Beyond these vague allegations, she has not demonstrated how the procedure of her reviews was inadequate, nor explained how any specific factor cited by the Board is unrelated to the purpose of parole. *See Newman v. Beard*, 617 F.3d 775, 783-84 (3d Cir. 2010). Therefore, her petition could not support a procedural due process claim.

308 F.3d 236, 247 (3d Cir. 2002) (citation omitted).

Simmons first objects to the Parole Board's reliance on the DOC's recommendation, which was premised in part on her inconsistent compliance with medication and mental health services. She appears to claim that the DOC's assessment should be disregarded because she has since been "reevaluated by the psychiatry department [and] was concluded misdiagnosed . . . I've now been diagnosed PTSD instead [and] my psych medication has been discontinued." (Doc. 1 at 5).

The attachments to Simmons's petition indicate that at the time of the review, Simmons believed she needed medication only as a "sleep aid for periodic anxiety, not behavioral restraint," but the prison disagreed. *See* (Doc. 1-1 at 3-9); *see also* (Doc. 1 at 6) (Simmons's claim that the prison "enforced psych medication use although not court ordered to"). Regardless of Simmons's disagreement with the DOC's assessment, it was not arbitrary or "conscience shocking" for the Board to consider that assessment, nor was it unlawful "discrimination" for the Board to consider Simmons's mental health. *See* 61 Pa.C.S. § 6135(a)(7) (the Board shall consider "mental and behavioral condition and history").

Simmons lists other circumstances that she views as proof of an

"arbitrary, egregious, [or] capricious" determination, including her own complaints about the prison's response to her allegations of sexual harassment.[3] However, there is no indication that these complaints about her conditions of confinement were considered by the Board, or even presented to the Board, and they have only arguable relevance to the issue of parole. Although such allegations could have been considered, it was not a constitutional violation for the Board to base its decision on other factors.

Simmons points to evidence of her rehabilitation in prison, such as her completion of educational programming, that in her view makes the denial of parole "egregious." While Simmons believes this commendable conduct warrants greater weight in the parole analysis, the Board's judgment to prioritize other factors, including her misconduct history, risk to the community, and inconsistent compliance with mental health treatment, was not a violation of her constitutional rights. *See Coady*, 251 F.3d at 487 ("[T]he requirements of substantive due process are met if there is some basis for the challenged decision."). Ultimately, Simmons

---

[3] For example, Simmons vaguely attributes her "lengthy [and] excessive misconduct history" to a "lack of protection against sexual harassment" at the prison. *See* (Doc. 1 at 6-7, Doc. 1-1 at 2).

has not presented evidence of arbitrary, irrational, or "conscience shocking" considerations by the Board that would entitle her to habeas relief. *See Hunterson*, 308 F.3d at 247.

### III.  CONCLUSION

Accordingly, it is hereby **ORDERED** that Simmons's petition (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to close this case.

Dated: May 7, 2026                    *s/Joseph F. Saporito, Jr.*
                                      JOSEPH F. SAPORITO, JR.
                                      United States District Judge